[Cite as *CitiMortgage, Inc. v. Robson*, 2011-Ohio-4617.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| CITIMORTGAGE, INC. | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-0017 |
| DONALD SCOTT ROBSON, ET AL | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Civil appeal from the Richland County Court
                               of Common Pleas, Case No. 2008-CV-2293

JUDGMENT:                      Reversed and Remanded

DATE OF JUDGMENT ENTRY:        September 13, 2011

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ROBERT V. KISH                         JAMES L. BLUNT, II.
REMINGER CO., L.P.A.                   105 Sturges Avenue
65 East State Street, Ste. 400         Mansfield, OH 44903
Columbus, OH 43215-4227

For M&K General Contracting
GREGORY G. BARAN
3 North Main Street, Ste. 500
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Defendant-appellant Donald Scott Robson appeals a summary judgment of the Court of Common Pleas of Richland County, Ohio, granted in favor of plaintiff-appellee CitiMortgage, Inc. on appellant's counterclaim. Appellant assigns two errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED BY SUA SPONTE RULING THAT PLAINTIFF, CITIMORTGAGE, INC., HAD AUTHORITY PURSUANT TO THE MORTGAGE TO ENTER DEFENDANT'S REAL PROPERTY.

{¶3} "II. THE TRIAL COURT ERRED BY RULING THAT THE MORTGAGE PROVISION ALLOWING ENTRY INTO THE REAL PROPERTY WHEN THE MORTGAGOR BREACHED THE MORTGAGE AGREEMENT WAS VALID AND ENFORCEABLE."

{¶4} The case began as a mortgage foreclosure case, and appellant counterclaimed for trespass and damage to his personal property. The court found the mortgaged house was unoccupied so appellee hired a contractor to enter and secure the house and change the locks. Appellant alleged the contractor damaged an alarm system in the house. The property has since been sold in a foreclosure sale.

{¶5} Both appellee and the contractor moved for summary judgment. The trial court found appellant did not file any opposing affidavits or point to any specific facts in the record which created disputed issue of material fact, and found appellee was not responsible for any acts of the contractor, because it was an independent contractor. The court also found appellant had not established any damages.

{¶6} The contractor, M&K General Contracting, is not a party to this appeal.

I.

{¶7}   In his first assignment of error, appellant argues the trial court erred by sua sponte ruling that appellee had authority pursuant to the mortgage to enter appellant's property.

{¶8}   The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt* (1996), 75 Ohio St. 3d 280.  Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id.  The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle* (1991), 75 Ohio App. 3d 732.

{¶9}   Appellee's motion for summary judgment addresses only the issue of whether the company it hired to perform the work on appellant's house was an independent contractor. Appellee argued the company was an independent contractor, not an employee, and it was not responsible for any damages the independent contractor caused in performing the work. Because appellant did not respond to the motion for summary judgment, the court properly found the company was an independent contractor. However, the court concluded appellee was not liable for the acts of its independent contractor. This finding is premature.

{¶10} An exception to the rule an employer is not liable for the actions of an independent contractor is the trespass rule.  In C*onway v. Calbert* (1997), 119 Ohio

App. 3d 288, 695 N.E. 2d 271, the Court of Appeals for the Tenth District quoted 3 Restatement of the Law 2d Torts (1965) 419, Section 427B: "One who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the lands of another or the creation of the public or private nuisance is subject to liability for harm resulting to others from such trespass or nuisance." *Conway* at page 293-294. We agree. Appellee hired the independent contractor specifically to enter onto the property in question, and is liable for any trespass. The trial court could not find appellee was not liable for the trespass until it determined whether the independent contractor trespassed on appellant's property. Appellee's motion for summary judgment did not raise the issue of trespass.

{¶11} Nonetheless, the trial court addressed the issue of trespass. We find the trial court should not have proceeded to determine the mortgage permitted appellee to enter appellant's property. This was beyond the scope of the motion for summary judgment.

{¶12} The court also erred in finding appellant could not prevail because he had not established damages. A property owner must prove two essential elements to state a cause of action sounding in trespass: (1) an unauthorized intentional act, (2) resulting in an intrusion that interferes with the owner's right of exclusive possession of the property. *Merino v. The Salem Hunting Club,* Columbiana App. No. 07CO16, 2008-Ohio-6366, paragraph 41, citations deleted. If a property owner proves the elements of trespass, he has a right to nominal damages without proof of actual damages. Id. at paragraph 42, citations deleted.

{¶13} We agree the court improperly decided issues which were not raised before it in the motion for summary judgment.

{¶14} The first assignment of error is sustained.

II.

{¶15} In his second assignment of error, appellant argues the trial court erred in finding the provision in the mortgage which allowed the mortgagee to enter the property if the mortgagor breached the mortgage agreement was valid and enforcible. Because we find the issue was not properly before the trial court, we find any discussion on our part to be premature.

{¶16} The second assignment of error is premature.

{¶17} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J., and

Farmer, J., concur;

Edwards, J., concurs

separately

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS

WSG:clw 0816

EDWARDS, J., CONCURRING OPINION

{¶18} I concur with the majority's decision to remand the matter for further proceedings. The majority holds that appellee's motion for summary judgment did not raise the issue of trespass and that the trial court erred in addressing such issue.

{¶19} However, the issue is whether, having employed an independent contractor, appellee knew or had reason to know the work to be performed by M & K General Contracting was likely to involve a trespass, not whether M & K committed a trespass.

{¶20} I respectfully write separately to clarify such issue.

_____

Judge Julie A. Edwards

JAE/dr/rmn

[Cite as *CitiMortgage, Inc. v. Robson*, 2011-Ohio-4617.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DONALD SCOTT ROBSON, ET AL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-0017 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JULIE A. EDWARDS