[Cite as *Ogle v. Hocking Cty.*, 2013-Ohio-597.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| Melanie A. Ogle | : | |
| and | : | |
| Charles R. Ogle | : | |
| Plaintiffs-Appellants, | : | |
| | : | Case No. 11CA31 |
| v. | : | |
| | : | DECISION AND |
| Hocking County, et al., | : | JUDGMENT ENTRY |
| | : | |
| Defendants-Appellees. | : | **RELEASED 01/31/13** |

_____

APPEARANCES:

Melanie A. Ogle and Charles R. Ogle, Rockbridge, Ohio, pro se Appellants.

Randall L. Lambert, Lambert Law Office, Ironton, Ohio, for Appellees.

_____

Kline, J.:

{¶1}   Melanie Ogle and Charles Ogle (collectively the "Ogles") appeal the judgment of the Hocking County Court of Common Pleas, which dismissed the Ogles' amended complaint for failure to state a claim for which relief can be granted.  The Ogles contend that the trial court erred when it granted the defendants' motion to dismiss.  Because Count Three of the amended complaint states a cause of action, we agree.  The Ogles also contend that the trial court should have stricken the defendants' motion to dismiss.  Regarding this contention, the Ogles claim that defendants' counsel did not respond to an inquiry the trial court made during a hearing.  The trial court apparently sought clarification on whether defense counsel represented the defendants

in both their official and individual capacities. A trial court speaks only through its journals. Because there is no order regarding this issue, the Ogles cannot show error. Additionally, the Ogles contend that, in its decision granting the motion to dismiss, the trial court misstated various facts related to the proceedings in this case. The Ogles, however, have failed to show how they were prejudiced by the trial court's alleged factual mistakes. As a result, the Ogles cannot show that reversal is warranted on this basis.

{¶2}   Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court.

I.

{¶3}   On September 10, 2010, Melanie Ogle filed a complaint as "Citizen of Hocking County." Several months later, the trial court allowed both Melanie Ogle and Charles Ogle to file an amended complaint. In the amended complaint, Melanie Ogle and Charles Ogle are listed as the plaintiffs instead of "Citizen of Hocking County."

{¶4}   The Ogles filed the amended complaint against Hocking County and approximately 30 other defendants, including various Hocking County elected officials, deputies of the Hocking County Sheriff's Department, and members of the Hocking County Prosecutor's Office. The amended complaint contains 10 counts in which the Ogles assert multiple allegations against the defendants.

{¶5}   Initially, the defendants were named in both their official and individual capacities. On June 17, 2011, the trial court held a hearing, and, apparently, the trial court expressed concern that there may be a conflict if one attorney was representing the defendants in both their individual and official capacities. Eventually, however, the

Ogles dismissed the individual-capacity claims.  Thus, the Ogles assert only claims against the defendants in the defendants' official capacities.

{¶6}    The Ogles' allegations generally revolve around alleged misconduct in connection with construction work by private utility companies near the Ogles' property. The Ogles allege that the Hocking County Sheriff entered into an illegal contract with private utility companies to provide security services.  According to the Ogles, uniformed off-duty sheriff's deputies subjected the Ogles to illegal searches and seizures on at least two occasions.  Additionally, the Ogles claim that the deputies suppressed the Ogles' freedom of speech.  The Ogles also allege that the Hocking County Sheriff participated in this alleged misconduct.

{¶7}    The defendants filed a motion to dismiss under Civ.R. 12(B)(6).  The trial court granted the defendants' motion to dismiss because, according to the trial court, the Ogles failed to state a cause of action in any of the ten counts of their amended complaint.

{¶8}    The Ogles appeal and assert the following assignments of error: I. "THE TRIAL COURT ERRED IN NOT STRIKING APPELLEES' MOTION TO DISMISS FOR FAILURE TO ESTABLISH REPRESENTATION OF COUNTY DEFENDANTS OF RECORDS."  II. "THE TRIAL COURT ERRED IN MISSTATING THE FACTS OF THIS CASE AND APPELLANTS' AMENDED COMPLAINT."  And, III. "THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING APPELLANTS' AMENDED COMPLAINT FOR 'FAILURE TO STATE A CLAIM AGAINST ANY DEFENDANT UPON WHICH RELIEF CAN BE GRANTED.'"

II.

{¶9}   We will address the Ogles' third assignment of error out of order.  In their third assignment of error, the Ogles claim that the trial court erred when it dismissed their amended complaint for failure to state a claim upon which relief can be granted.

{¶10}  A dismissal for failure to state a claim upon which relief can be granted is a question of law that we review de novo.  *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.*, 76 Ohio St.3d 521, 523, 668 N.E.2d 889 (1996); *Florkey v. Malott*, 4th Dist. No. 11CA9, 2011-Ohio-5199, ¶ 13.  "In reviewing a complaint upon a motion to dismiss pursuant to Civ.R. 12(B)(6), [the Supreme Court of Ohio] has held that a court must presume that all factual allegations of the complaint are true and that all reasonable inferences must be made in favor of the nonmoving party."  *Perez v. Cleveland*, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993).  To dismiss a complaint under Civ.R. 12(B)(6), "[i]t must appear from the face of the complaint that [the Ogles] can prove no set of facts that would entitle [them] to relief."  *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11.  "However, unsupported conclusions are not considered admitted and are insufficient to withstand a motion to dismiss."  *J & H Reinforcing & Structural Erectors, Inc. v. Wellston City School Dist.*, 4th Dist. No. 09CA8, 2010-Ohio-2312, ¶ 25, citing *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989).

{¶11}  Based upon our review of the amended complaint, the Ogles allege a potential cause of action in two of the ten counts.  However, only one of those two counts states a viable cause of action.

A. Count Three – Trespass and Civil Conspiracy to Commit a Trespass

**{¶12}** In Count Three, the Ogles allege that the Hocking County Prosecuting Attorney and the Hocking County Sheriff engaged in a conspiracy with "Ohio Power/American Electric Power and Columbia Gas Transmission/Off-Duty Services to provide private security on the private property of Plaintiffs, without warrant or court order, despite repeated demands by Plaintiffs to leave their private property." Amended Complaint ¶ 11.

**{¶13}** The Ogles allege a civil trespass. "The elements of civil trespass are (1) an unauthorized intentional act and (2) entry upon land in the possession of another." *DiPasquale v. Costas*, 186 Ohio App.3d 121, 2010-Ohio-832, 926 N.E.2d 682, ¶ 102 (2d Dist.). Here, the Ogles allege that various individuals made at least one unauthorized intentional entry onto the Ogles' property. Thus, the Ogles state a cause of action for civil trespass.

**{¶14}** Additionally, the Ogles allege a conspiracy to commit the trespass. "The elements of a civil conspiracy claim are: '(1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself.'" *Cook v. Kudlacz*, 974 N.E.2d 706, 2012-Ohio-2999, ¶ 90 (7th Dist.), quoting *State ex rel. Fatur v. Eastlake*, 11th Dist. No. 2009-L-037, 2010-Ohio-1448, ¶ 45. Here, the Ogles allege a malicious combination between the Hocking County Prosecuting Attorney, the Hocking County Sheriff, and individuals providing security for American Electric Power and Columbia Gas to trespass upon the Ogles' property. With respect to the injury element of a civil conspiracy claim, "[i]f a property owner proves the elements of trespass, he has a right to nominal damages without proof of actual damages." *CitiMortgage, Inc. v. Robson*,

5th Dist. No. 2011-CA-0017, 2011-Ohio-4617, ¶ 12.  Thus, the Ogles state a cause of action in Count Three of their complaint for civil conspiracy to commit a trespass.

{¶15}  The defendants argue that "[a] civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy."  *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 40 (10th Dist.).  However, the Ogles do allege an "actionable" tort.  That is, the Ogles allege a trespass on their property.

{¶16}  Thus, for the reasons stated above, the trial court erred in dismissing Count Three of the amended complaint.

### B. Count Five: 42 U.S.C. 1983

{¶17}  In Count Five, the Ogles allege that uniformed off-duty Hocking County Sheriff's deputies provided security services for private utility companies between September 2009 and December 2009.  The Ogles claim that the off-duty deputies were "motivated and directed by the private utility companies to oppress [the Ogles'] freedom of speech, movement and other civil liberties on their private property * * *."  Amended Complaint ¶ 15.  The Ogles also allege that "the off-duty deputies filed several false police reports and false charges against, and took action on two or more dates to illegally pursue, seize, search, falsely arrest, wrongly imprison and additionally attempt to arrest wrongly imprison one or both Plaintiffs * * *."  *Id.*  Furthermore, the Ogles allege that the Hocking County Sheriff participated in the deputies' misconduct.

{¶18}  The allegations in Count Five state a potential claim under 42 U.S.C. 1983.  That statute provides, in relevant part, as follows:

Every person who, under color of any statute,

ordinance, regulation, custom, or usage, of any State

or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United

States or other person within the jurisdiction thereof to

the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable

to the party injured in an action at law, suit in equity,

or other proper proceeding for redress * * *.

**{¶19}** "A threshold issue in any 42 U.S.C. § 1983 action is whether there is any 'state action' involved." *Pickard v. City of Girard*, 70 F.Supp.2d 802, 805 (N.D.Ohio 1999). "The fact that a police officer is on or off duty, or in or out of uniform is not controlling." *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir.1975). "'It is the nature of the act performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under color of law.'" *Id.*, quoting *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D.Pa.1968). "[O]ff-duty officers act under color of state law when they purport to exercise official authority. Such manifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." *Mooneyhan v. Hawkins*, 6th Cir. No. 96-6135, 1997 WL 685423, *4 (Oct. 29, 1997). *Accord Pickard* at 805-806.

**{¶20}** Here, the Ogles allege that various defendants acted under the color of state law. The Ogles allege that the deputies used "taxpayer cruisers and equipment"

while performing the security services for private utility companies near the Ogles' property. Amended Complaint ¶ 15. The Ogles also claim that "the off-duty deputies filed several false police reports and false charges against [the Ogles], and took action on two or more dates to illegally pursue, seize, search, falsely arrest, wrongly imprison and additionally attempt to arrest [] one or both Plaintiffs * * *." *Id.* Construing all inferences in the Ogles' favor, we conclude that the Ogles have alleged that the sheriff's deputies were acting under color of state law. *See Parks v. City of Columbus*, 395 F.3d 643, 652 (6th Cir.2005); *see also Swiecicki v. Delgado*, 463 F.3d 489, 496 (6th Cir.2006), *abrogated on other grounds*, *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

**{¶21}** The Ogles also allege a deprivation of rights that are covered by a Section 1983 claim. For example, the Ogles allege that the deputies subjected the Ogles to illegal searches and seizures in violation of the Ogles' Fourth Amendment rights. The Ogles also claim that the deputies suppressed the Ogles' freedom of speech in violation of the Ogles' First Amendment rights.

**{¶22}** Next, in addition to filing the amended complaint against Hocking County, the Ogles filed the complaint against all of the defendants in the defendants' individual and official capacities. But on July 7, 2011, the Ogles voluntarily dismissed the claims against the defendants in the defendants' individual capacities. Therefore, we must examine whether the Ogles can maintain their Section 1983 claim against Hocking County (i.e., the municipality) and the defendants in the defendants' official capacities.

**{¶23}** "Suing a municipal officer in his official capacity for a constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the municipality itself, and

thus a successful suit against a municipal officer in his official capacity must meet the requirements for municipal liability stated in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)." *Kraemer v. Luttrell*, 6th Cir. No. 05-5431, 2006 WL 1133290, *3 (Apr. 27, 2006).

**{¶24}** As the *Monell* court explained, "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, * * * a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." (Emphasis sic.) *Monell* at 691. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Therefore, in order to state a cause of action in their official-capacity claim, the Ogles must allege that the defendants deprived the Ogles of their rights pursuant to either (1) an official municipal policy or (2) a municipal custom.

**{¶25}** The Ogles have not alleged that their rights were deprived pursuant to a municipal custom. "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Board of Cty. Commrs. of Bryan Cty., Okl., v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997), citing *Monell*, 436 U.S. at 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168, 90 S.Ct. 1598, 26

L.Ed.2d 142 (1970).  Here, the Ogles do not allege a widespread practice sufficient to demonstrate a custom that has the force of law.

{¶26}  Next, we consider whether the Ogles have alleged that the defendants acted pursuant to an official municipal policy.  "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  (Emphasis sic.)  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).  Under the official policy analysis, "municipal liability * * * attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Id.* at 483.  "The determination of who has final decision-making authority is a question of state law."  *Peart v. Seneca Cty.*, 808 F.Supp.2d 1028, 1037 (N.D.Ohio 2011), citing *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 786, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997).

{¶27}  Here, the Ogles have not alleged that the alleged misconduct was based on an official policy.  The Ogles claim that the Hocking County Sheriff "participat[ed]" in the alleged misconduct.  Amended Complaint ¶ 19.  Even assuming that the Hocking County Sheriff is an official responsible for establishing final policy with respect to the alleged misconduct, the Ogles have not articulated the policy in question.  That is, the Ogles have not claimed that the alleged misconduct was "a deliberate choice to follow a course of action * * * from among various alternatives by the official or officials

responsible for establishing final policy with respect to the subject matter in question."

*Pembaur* at 483.

**{¶28}** Thus, because the Ogles have not shown that the alleged misconduct occurred pursuant to a municipal custom or policy, the Ogles do not state a claim under 42 U.S.C. 1983. Consequently, the trial court correctly dismissed Count Five of the amended complaint.

C.

**{¶29}** Based on our review of the remainder of the amended complaint, we conclude that the Ogles have failed to state a cause of action in any of the other counts. As a result, the trial court properly dismissed those counts.

**{¶30}** However, as indicated above, the Ogles have stated a cause of action in Count Three of their amended complaint. Therefore, the trial court erred in granting the defendants' motion to dismiss. Accordingly, we sustain the Ogles' third assignment of error with respect to Count Three of the amended complaint.

III.

**{¶31}** We next consider the Ogles' first assignment of error. In their first assignment of error, the Ogles claim that the trial court should have stricken the Defendants' motion to dismiss.

**{¶32}** The trial court held a hearing to address the issue of the representation of all of the county defendants. Apparently, the trial court was concerned that there may be a conflict if the same attorney represented the defendants in both their individual and official capacities. According to the Ogles, the trial court gave the defendants' counsel 30 days to "properly identify defendants' counsel." Appellant's Brief at 5. The Ogles

assert that the defendants' counsel did not address the issue raised by the trial court. As a result, the Ogles claim that the court should have stricken the motion to dismiss.

**{¶33}** "It is axiomatic that a court speaks only through its journal entries." *State ex rel. Collier v. Farley*, 4th Dist. No. 05CA4, 2005-Ohio-4204, ¶ 18. Here, there is no order directing the defendants to address any issue with respect to the identity of defendants' counsel. Consequently, the Ogles cannot show error.

**{¶34}** Accordingly, we overrule the Ogles' first assignment of error.

IV.

**{¶35}** In their second assignment of error, the Ogles argue that the trial court erred by misstating certain facts in its decision granting the defendants motion to dismiss. For example, the Ogles claim that the trial court erred by stating that both Melanie and Charles Ogle originally filed the complaint as a "Citizen of Hocking County." Melanie Ogle alone filed the original complaint as a "Citizen of Hocking County." The Ogles also argue that the trial court misstated that the allegedly unlawful construction occurred in an easement, when it actually occurred in a road right-of-way. Finally, the Ogles take issue with some of the trial court's characterizations of their claims.

**{¶36}** "It is axiomatic that in order for there to be reversible error, there must be prejudice to the appellant." *State v. Rembert*, 5th Dist. No. 04 CA 66, 2005-Ohio-4718, ¶ 15, citing *State v. Dean*, 94 Ohio App. 540, 16 N.E.2d 767 (1st Dist.1953); *Tingue v. State*, 90 Ohio St. 368, 108 N.E. 222 (1914). Even assuming that the trial court did misstate the facts as the Ogles allege, the Ogles have not shown how they were prejudiced by these alleged errors. As a result, reversal is not warranted based on the

trial court's alleged factual mistakes in its decision granting the defendants' motion to dismiss.

**{¶37}**  Accordingly, we overrule the Ogles' second assignment of error.

V.

**{¶38}**  In conclusion, we sustain the Ogles' third assignment of error with respect to Count Three of the amended complaint.  We overrule the Ogles remaining assignments of error.  We affirm the judgment of the trial court, in part, and reverse the judgment of the trial court, in part.  And we remand this case for proceedings consistent with this opinion.

**JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART,**<br>**AND CAUSE REMANDED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED, IN PART, AND REVERSED, IN PART, and the CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion.  Appellees shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**