[Cite as *Evans v. Ohio Atty. Gen.*, 2021-Ohio-1146.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| William H. Evans, Jr., | : | Case No. 20CA3927 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Ohio Attorney General, et al., | : | |
| Defendants-Appellees. | : | **RELEASED 3/26/2021** |

_____
<u>APPEARANCES</u>:

William H. Evans, Jr., Youngstown, Ohio, pro se.

Dave Yost, Ohio Attorney General, and Julie M. Pfeiffer and Heather L. Buchanan, Assistant Attorneys General, Columbus, Ohio, for appellee Ohio Attorney General Dave Yost.

Richard A. Williams and Susan S.R. Petro, Williams & Schoenberger Co., L.L.C., Columbus, Ohio, for appellees Scioto County Sheriff's Department and Sheriff Marty Donini.

Lawrence E. Barbiere and Katherine L. Barbiere, Schroeder, Maundrell, Barbiere & Powers, Mason, Ohio, for appellees City of Portsmouth Police Department and Portsmouth Police Chief Robert Ware.
_____
Hess, J.

{¶1}    William H. Evans, Jr., appeals from a judgment of the Scioto County Common Pleas Court dismissing his complaint against the Ohio Attorney General, the Scioto County Sheriff's Department, the Scioto County Sheriff, the Portsmouth Police Department, and the Portsmouth Police Chief (collectively, the "Appellees"). In his first and second assignments of error, Evans contends that the trial court erred in holding that he failed to state claims against the Appellees under R.C. 2307.60 and 42 U.S.C.

1983.  After construing all factual allegations in the complaint, along with all reasonable inferences to be drawn therefrom in favor of Evans, we find that he can prove no set of facts in support of a claim related to either statute that would entitle him to relief.  In his third assignment of error, Evans contends that the trial court erred in holding that the Appellees have "no duty to investigate or apprehend offenders."  However, the court made no such holding, and contrary to what Evans suggests, his complaint did not state a claim for relief under R.C. 1347.10 or R.C. 2913.49(J) in the form of an injunction compelling the Appellees to investigate crimes Evans alleged had occurred, apprehend any offender, or correct records relating to Evans.  Accordingly, we overrule the assignments of error and affirm the trial court's judgment.

## I.  FACTS

{¶2}   On April 6, 2018, Evans filed a complaint against then Ohio Attorney General Mike DeWine, the Scioto County Sheriff's Department, Scioto County Sheriff Marty Donini, the Portsmouth Police Department, Portsmouth Police Chief Robert Ware, the Scioto Voice newspaper, and its editor/publisher Debbie Haney Allard. Evans asserted that he was bringing the action against them "jointly and severally, personally and officially," pursuant to 42 U.S.C. 1983, 42 U.S.C. 1985, R.C. 2307.60(A)(1), R.C. 2721.01 et seq., and the common law.  He alleged that the March 29, 2018 issue of the Scioto Voice "listed the Public Records of Scioto County Jail Bookings" for March 12-18, 2018, stated he was from Otway and had been arrested for domestic violence, and included his supposed booking photograph from the arrest.  Evans alleged the article was false because the photograph was over 30 years old, he has never lived in Otway, and he has been incarcerated for the "alleged" murder of a member of the Haney family

since 2004. The complaint stated: "Plaintiff cannot discern at this present time whether any of this is [intentional], although there is reason to suspect that it is, based upon other past events of records tampering, etc., to Evans's demise, by Scioto County Officials." (Brackets sic.) Evans alleged that the situation was "especially suspect" because Allard is a member of the Haney family, and two of the murder victim's brothers "used to work at" the sheriff's department. Evans asserted that "the above mentioned events" violated R.C. 2913.42(A)(1) and R.C. 2913.49(A); that his rights under the First, Ninth, and Fourteenth Amendments to the United States Constitution had been violated; and that he had been placed in a false light which "could lead to a false arrest, or an entire array of problems criminally, or financially, or both." The complaint stated: "Evans hereby disputes the information and demands that these Government entities investigate it all, and correct/delete the inaccuracies, as set forth in this Complaint * * *."

{¶3} Evans also alleged that he had obtained a "law enforcement printout" from the U.S. Marshals Service which contained the following statement about him: "<u>WARNING: APPROACH WITH CAUTION</u>." Evans alleged that this "label" originated in the Portsmouth Police Department, which gave it to the Bureau of Criminal Identification and Investigation ("BCI&I"), which disseminated it to law enforcement agencies nationwide. He alleged that there were never "[legitimate] grounds to label him in such a way" and that it "could lead one to believe the very worst" when dealing with him and "get him shot and killed" by police. (Brackets sic.) He asserted that the "label violates law, for the exact same reasons that the events described above with the Newspaper situation." The complaint stated that Evans "hereby demands that the Portsmouth

Police, Scioto Co. Sheriff, and the Attorney General investigate this inaccurate label, and delete it entirely from Evans's law enforcement files nationwide, just in the same way that they have caused it to go nationwide."  The complaint also demanded that all of Evans's government records "be investigated, and corrected."  Evans requested a declaratory judgment "holding all the above to be a violation of State and Federal law," an injunction to "cause correction of all the above complaint," and compensatory and punitive damages.

{¶4}  Sheriff Donini and the sheriff's department filed an answer to the complaint.  Chief Ware and the police department moved to dismiss the complaint as to them under Civ.R. 12(B)(6).  The Scioto Voice and Allard filed an answer and a cross-claim against the sheriff's department for indemnification if they were found liable on any claims.  The attorney general moved to dismiss the complaint as to him under Civ.R. 12(B)(6).  Later, the sheriff and sheriff's department moved for judgment on the pleadings under Civ.R. 12(C).

{¶5}  The trial court granted the motions.  The court dismissed the complaint as to the sheriff, sheriff's department, police chief, and police department finding that "[u]pon review of the complaint, it is unclear what plaintiff is demanding against" them and that the "only allegation" against them "is a request for this Court to order an investigation."  The court also dismissed the complaint as to the attorney general, finding that it did "not raise a cause of action" or "set forth any claims" against the attorney general.  Subsequently, Evans voluntarily dismissed his claims against the Scioto Voice and Allard.

## II. ASSIGNMENTS OF ERROR

**{¶6}** Evans presents three assignments of error:

Error One: Trial court erred in holding Evans failed to state a claim under O.R.C. §2307.60 (civil action for criminal acts).

Error Two: Trial court erred in holding that Evans failed to state a claim pursuant to 42 U.S.C. §1983.

Error Three: Trial court erred in holding that the defendants has [sic] no duty to investigate or apprehend offenders.

## III. LAW AND ANALYSIS

**{¶7}** An appellate court reviews de novo a trial court's decision to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. *Evans v. Shapiro*, 4th Dist. Ross No. 18CA3670, 2019-Ohio-3209, ¶ 19 ("*Shapiro*"). Such a motion " 'tests the sufficiency of the complaint.' " *Id.* at ¶ 17, quoting *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. "When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party." *Id.* "A trial court may dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to the relief sought." *Id.* at ¶ 17.

**{¶8}** Civ.R. 8(A) states: "A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." " 'Under the notice pleading requirements of Civ.R. 8(A)(1), the plaintiff need only plead sufficient, operative facts to support recovery under [the plaintiff's] claims.' "

*Shapiro* at ¶ 18, quoting *Henderson v. State,* 8th Dist. Cuyahoga No. 101862, 2015-Ohio-1742, ¶ 10. " 'Nevertheless, to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions.' " *Id.,* quoting *Henderson* at ¶ 10. A complaint is not "fatally defective" if it does not set forth each element of a cause of action "with crystalline specificity." *Border City S. & L. Assn. v. Moan*, 15 Ohio St.3d 65, 66, 472 N.E.2d 350 (1984). "However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Strahler v. Vessels*, 4th Dist. Washington No. 11CA24, 2012-Ohio-4170, ¶ 10. "In other words, if there is no hint in the pleadings of proof of a particular point necessary to enable the pleader to prevail, the pleader has failed to provide the notice required by the rule." *Id.*

**{¶9}** "This court has characterized a motion for judgment on the pleadings as a belated Civ.R. 12(B)(6) motion and applied the same standards of review." *In re Evans v. Evans-Sanford*, 4th Dist. Scioto No. 20CA3901, 2020-Ohio-5315, ¶ 14. We review de novo a trial court's decision to grant a Civ.R. 12(C) motion for judgment on the pleadings. *Id.* In considering the motion, "the court is restricted solely to the allegations contained in the pleadings," and "all material factual allegations in the complaint, along with all reasonable inferences to be drawn therefrom, must be construed in favor of the nonmoving party." *Id.* "A court may enter judgment on the pleadings 'only if it appears beyond doubt that the nonmoving party can prove no set of facts entitling it to relief.' " *Harris Farms, LLC v. Madison Twp. Trustees*, 4th Dist. Scioto No. 17CA3817, 2018-

Ohio-4123, ¶ 13, quoting *Ohio Manufacturers' Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, 59 N.E.3d 1274, ¶ 10.

## A.  R.C. 2307.60

**{¶10}**  In the first assignment of error, Evans contends that the trial court erred in holding that he failed to state a claim against the Appellees under R.C. 2307.60.

**{¶11}**  R.C. 2307.60(A)(1) states:

> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

This statute "creates a civil cause of action for damages resulting from any criminal act, unless otherwise prohibited by law."  *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 13.  An underlying criminal conviction is not required. *Buddenberg v. Weisdack*, 161 Ohio St.3d 160, 2020-Ohio-3832, 161 N.E.3d 603, ¶ 1-2.

**{¶12}**  Initially, we address a jurisdictional matter.  The attorney general asserts that the trial court lacked jurisdiction over Evans's claim for monetary damages against the attorney general under R.C. 2307.60(A)(1) because the claim is one against the State that is within the exclusive jurisdiction of the Court of Claims.  The Tenth District Court of Appeals has explained that "even though civil suits for damages against the State must be brought in the Court of Claims," "the Court of Claims does not have jurisdiction to determine whether the State (or an agent or agency thereof) has committed a crime to serve as a predicate for establishing liability in a civil action brought pursuant to R.C. 2307.60."  *Evans v. Ohio Dept. of Rehab. & Correction*, 10th

Dist. Franklin No. 19AP-756, 2020-Ohio-1521, ¶ 11.  However, "[n]othing * * * prevents a litigant from first obtaining an entry or declaration from a court of competent jurisdiction (such as the court of common pleas) to the effect that the State actor committed a crime before filing against the State under R.C. 2307.60 in the Court of Claims."  *Id.* at ¶ 11.  Thus, while the trial court did not have jurisdiction to entertain a civil suit for damages against the State under R.C. 2307.60, it could consider whether Evans was entitled to a declaration that the attorney general committed a criminal act.

{¶13} After construing all factual allegations in the complaint, along with all reasonable inferences to be drawn therefrom in favor of Evans, we find that he can prove no set of facts in support of his claims related to R.C. 2307.60(A)(1) that would entitle him to relief.  The complaint alleged that two types of crimes had occurred— tampering with records in violation of R.C. 2913.42(A)(1) and identity fraud in violation of R.C. 2913.49(A).  R.C. 2913.42(A)(1) states: "No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall * * * [f]alsify * * * any writing, * * * data, or record[.]"  R.C. 2913.49(A) does not set forth conduct that constitutes identity fraud but rather provides a non-exhaustive list of what constitutes "personal identifying information" for purposes of the identity fraud statute.  R.C. 2913.49(B)-(E) set forth conduct that constitutes identity fraud.  The only provisions possibly relevant here are R.C. 2913.49(B) and (C), which state:

> (B) No person, without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to do either of the following:
>
> (1) Hold the person out to be the other person;
>
> (2) Represent the other person's personal identifying information as the person's own personal identifying information.

(C) No person shall create, obtain, possess, or use the personal identifying information of any person with the intent to aid or abet another person in violating division (B) of this section.

{¶14} The complaint contains no factual allegations indicating that the Appellees: (1) falsified any writing, data, or record related to Evans with purpose to defraud or knowing that they were facilitating a fraud, (2) used, obtained, or possessed Evans's personal identifying information with intent to hold themselves out to be him or represent his personal identifying information as their own, or (3) created, obtained, possessed, or used Evans's personal identifying information with the intent to aid or abet another person in holding themselves out to be him or represent his personal identifying information as their own.  Although the complaint gave reasons Evans suspected a crime had occurred in connection with the newspaper article, we cannot reasonably infer evidence on that material point would be introduced at a trial from Evans's vague and conclusory assertion that there have been "past events of records tampering" to his "demise" by unnamed "Scioto County Officials" and the fact that the editor/publisher of the Scioto Voice and two former employees of the sheriff's department were related to the person Evans was convicted of murdering over a decade before the Scioto Voice published the newspaper article.

{¶15} We note that in his argument in support of the third assignment of error, Evans suggests that he stated a claim for relief under R.C. 2307.60(A)(1) for the criminal act of dereliction of duty.  R.C. 2921.44(A)(2) provides:  "No law enforcement officer shall negligently * * * [f]ail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance."  However, the complaint did not allege a violation of R.C.

2921.44(A)(2) or contain factual allegations indicating that a law enforcement officer was negligent in failing to prevent or halt any crime or apprehend an offender.

{¶16} Because Evans failed to state a claim against the Appellees under R.C. 2307.60, we overrule the first assignment of error.

B.  42 U.S.C. 1983

{¶17} In the second assignment of error, Evans contends that the trial court erred in holding that he failed to state a claim against the Appellees under 42 U.S.C. 1983.  Evans asserts that he can sue the Appellees in their enforcement capacity for prospective relief in the form of an injunction or declaratory judgment.  He also asserts that the attorney general, sheriff, and police chief are liable because they "obviously" implicitly authorized, approved, or knowingly acquiesced in unconstitutional conduct. Evans maintains that he is entitled to damages "for the failures to investigate, intercede, or correct."

{¶18} 42 U.S.C. 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * * .

{¶19} "To establish a Section 1983 claim, two elements are required: (1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States."  *Akbar-El v. Ohio Univ.*, 4th Dist. Ross No. 94CA2049, 1995 WL 249829, *4 (Apr. 26, 1995).  A person acts under color of state

law when the person exercises power " 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

**{¶20}** There is no respondeat superior or vicarious liability under Section 1983. *Gardner v. Evans*, 920 F.3d 1038, 1051 (6th Cir.2019). "Rather, '[e]ach defendant's liability must be assessed individually based on [the defendant's] own actions.' " (First alteration in *Gardner*). *Id.*, quoting *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir.2010). "When suing an individual actor * * * for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself [or herself]." *Flagg v. Detroit*, 715 F.3d 165, 174 (6th Cir.2013), quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).

**{¶21}** For purposes of Section 1983, a "person" does not include a state or its officials acting in their official capacities; however, "official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, fn. 10, 109 S.Ct. 2304, 105 L.E.2d 45 (1989), quoting *Kentucky v. Graham*, 473 U.S. 159, 167, fn. 14, 105 S.Ct. 3099, 87 L.E.2d 114 (1985) ("*Graham*"). Municipalities and other local government units are persons to whom Section 1983 applies. *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.E.2d 611 (1978). If a government official is sued in an official capacity, the claim is to be treated as a suit against the government entity for

which the official is an agent.  *Graham* at 165-166.  "[A] governmental entity is liable under § 1983 only when the entity itself is a ' "moving force" ' behind the deprivation[.]" *Id.* at 166, quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), quoting *Monell* at 694.  "[T]he entity's 'policy or custom' must have played a part in the violation of federal law."  *Graham* at 166, quoting *Monell* at 694.  "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell* at 694. Thus to state a claim against a government entity under Section 1983, a complaint must allege deprivation of a federal right pursuant to the entity's policy or custom.  *See Ogle v. Hocking Cty.*, 4th Dist. Hocking No. 11CA31, 2013-Ohio-597, ¶ 24.

**{¶22}** After construing all factual allegations in the complaint, along with all reasonable inferences to be drawn therefrom in favor of Evans, we find that he can prove no set of facts in support of his Section 1983 claims that would entitle him to relief.  The complaint does not contain factual allegations indicating any of the government entity defendants had a policy or custom that deprived Evans of a federal right.  The complaint also does not contain any factual allegations indicating that former Attorney General DeWine, Sheriff Donini, or Chief Ware carried out the conduct Evans complains of related to the newspaper article or warning about Evans which supposedly violated his constitutional rights.  In addition, the complaint does not contain any factual allegations indicating they encouraged, implicitly authorized, approved, or knowingly acquiesced in that conduct.  Nothing in the complaint suggests those individuals had notice of the article or warning before Evans filed the complaint.

**{¶23}** Because Evans failed to state a claim against the Appellees under 42 U.S.C. 1983, we overrule the second assignment of error.

### C. Duty to Investigate and Apprehend Offenders

**{¶24}** In the third assignment of error, Evans asserts that the trial court erred in holding that the Appellees have "no duty to investigate or apprehend offenders." He cites various legal authorities for the proposition that such a duty exists. Evans also suggests his complaint stated a claim for relief under R.C. 1347.10 and R.C. 2913.49(J) in the form of an injunction compelling the Appellees to investigate crimes Evans alleged had occurred, apprehend any offender, and correct records relating to him.

**{¶25}** The trial court did not hold that the Appellees have no duty to investigate crime or apprehend offenders. Rather, implicit in the decisions dismissing the complaint as to the Appellees is a finding that Evans failed to state a claim for which relief could be granted in the form of an order compelling an investigation into the matters complained of in the complaint and correction of records related to him. Contrary to what Evans suggests, his complaint did not state a claim for such relief under R.C. 1347.10 or R.C. 2913.49(J).

**{¶26}** R.C. 1347.10(B) provides that if a person or agency "violates or proposes to violate any provision of this chapter * * * [a]n action for an injunction may be prosecuted by the person who is the subject of the violation * * *." R.C. 1347.09 sets forth procedures a state or local agency must follow when a person disputes the accuracy of personal information that pertains to the person and that is maintained by the agency in a personal information system. R.C. 1347.09(A)(1) mandates that "within a reasonable time after, but not later than ninety days after, receiving the request from

the disputant," the agency shall "make a reasonable investigation," notify the disputant of the results and the action the agency plans to take with the respect to the disputed information, and delete information it cannot verify or that it finds to be inaccurate. Notably, R.C. 1347.04(A)(1)(a) exempts from the provisions of R.C. Chapter 1347 "[a]ny state or local agency, or part of a state or local agency, that performs as its principal function any activity relating to the enforcement of the criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals."  Even if Evans could overcome this exemption, the complaint does not contain any factual allegations indicating that prior to filing the complaint, Evans requested an investigation under R.C. 1347.09(A)(1), and the Appellees violated or proposed to violate that provision.

**{¶27}** The complaint also did not state a claim for injunctive relief under R.C. 2913.49(J).  That provision states that a person who is injured in person or property by identity theft in violation of R.C. 2913.49(B), (D), or (E) "who is the owner of the identifying information involved in that violation" may "bring a civil action to enjoin or restrain future acts that would constitute a violation of" R.C. 2913.49(B), (D), or (E). R.C. 2913.49(J) does not allow the person to bring a civil action to compel government entities or officials to investigate allegations of identity fraud or apprehend any offender.

**{¶28}** Accordingly, we overrule the third assignment of error.

IV.  CONCLUSION

**{¶29}** Having overruled the assignments of error, we affirm the trial court's judgment.  Based on the foregoing, it is unnecessary for us to address several arguments advanced by the Appellees, such as that certain Appellees are immune from liability or are not sui juris.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**